### UNITED STATES v. HANSEN.

### SAME v. KACZMAREK.

**Nos. 8528, 8529.**

Circuit Court of Appeals, Seventh Circuit.
June 10, 1944.

A. W. Richter, of Milwaukee, Wis., for appellants.

Timothy T. Cronin and Carl R. Becker, U. S. Attys., both of Milwaukee, Wis., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The United States constructed and is the owner of a low-rent housing project in Milwaukee, Wisconsin. It filed a complaint against the defendant-appellant, Gordon Hansen, alleging that the United States had been renting a unit in this housing project to the defendant under a written lease which expired June 30, 1943; that on January 9, 1943, the United States had notified the defendant that the lease would not be renewed; that it had later offered the defendant a new lease calling for a rental of $45 per month; that the United States had notified the defendant that he would have to vacate the premises at the termination of the existing lease on June 30, 1943, unless he executed the offered lease; and that the defendant had refused to sign the new lease or to vacate. It was further alleged that the Rent Director of the Milwaukee Defense Area, Office of Price Administration, had approved the rental of $45 per month as not exceeding the legal maximum rent under the Emergency Price Control Act of 1942, 50 U.S. C.A. Appendix § 901 et seq., and the regulations promulgated thereunder for the Milwaukee Defense Area, and that he had

given his permission to the filing of an action for the eviction of the defendant.

The defendant answered admitting the above facts but alleged that on March 1, 1942, [the maximum rent date for this area] he was occupying the premises as a tenant of the United States and that the rent under the then existing lease was less than that provided in the lease "upon which this action is based" and that "the rent being paid on March 1, 1942, was the rent being paid for like accommodations in this defense area * * *."

The United States moved for summary judgment and the court sustained the motion. The court filed findings of fact in conformity with the allegations of the plaintiff's complaint and found, as an additional fact, that the new lease tendered by the United States called for a higher rent than the lease under which the defendant had been holding. From the summary judgment giving the United States possession of the premises, the defendant has prosecuted this appeal.

The defendant contends that since he was a tenant of the United States on March 1, 1942, the Emergency Price Control Act of 1942 froze his rental on that date and that the United States had no right as his landlord subsequently to raise his rent.

We do not agree that the Price Control Act prevented an increase in the defendant's rent. The statute authorized the Administrator to recommend the stabilization of rents for any defense area housing accommodations within a particular defense rental area whenever in his judgment it was necessary. 50 U.S.C.A. Appendix § 902(b).[1] The statute further provided that the Administrator by regulation might make such classifications, differentiations, adjustments, and reasonable exceptions as in his judgment are necessary or proper to carry out the purposes of the Act. 50 U.S.C.A. Appendix § 902(c).[2]

Pursuant to this statutory authorization, the Administrator provided by regulation that the rent for housing accommodations constructed and owned by the United States or any State or political subdivision thereof should be "the rent generally prevailing in the defense-rental area for comparable housing accommodations on the maximum rent date, as determined by the owner of such accommodations."[3]

It is apparent that the Administrator under ample statutory authority has laid down by regulation the standards for determining the rent to be charged in the Government-owned housing project of Greendale. The rent is to be "the rent generally prevailing in the defense-rental area for comparable housing accommodations on the maximum rent date, as determined by the owner of such accommodations." The United States determined its ceiling for the units in question under this regulation and asked the Rent Director of the Milwaukee Defense Area to approve it. The court found that the Director had approved the new rental as not exceeding the maximum rental fixed by the Price Control Act and the regulations promulgated thereunder for the Milwaukee Defense Area. This was a finding that the regulations were in force in the Milwaukee Defense Area and that the rent of $45 per month fixed for the new lease was within the provisions of such regulations. In other words, the Administrator, through his representative, the Rent Director, approved the ceiling, as determined by the owner, by considering what the owners of like accommodations had charged on the maximum rent date.

[1] "(b) Whenever in the judgment of the Administrator such action is necessary or proper in order to effectuate the purposes of this Act, he shall issue a declaration setting forth the necessity for, and recommendations with reference to, the stabilization or reduction of rents for any defense-area housing accommodations within a particular defense-rental area. * * *"

[2] "(c) Any regulation or order under this section may be established in such form and manner, may contain such classifications and differentiations, and may provide for such adjustments and reasonable exceptions, as in the judgment of the Administrator are necessary or proper in order to effectuate the purposes of this Act. * * *".

[3] "Sec. 4. Maximum rents * * * shall be:

"(g) * * * For housing accommodations constructed by the United States or any agency thereof, or by a state of the United States or any of its political subdivisions, or any agency of the State or any of its political subdivisions, and owned by any of the foregoing, the rent generally prevailing in the defense-rental area for comparable housing accommodations on the maximum rent date, as determined by the owner of such accommodations. * * *"

■■ This is not an arbitrary or unfair regulation favoring the National or State government or any agency thereof. It must be recognized that in low-rent housing projects constructed and owned by the Federal Government, the rents are not fixed upon any system of bargaining prevalent in the ordinary rental market. Government constructed and owned projects are operated upon a rental basis in which the Government usually subsidizes the tenant, having a consideration of the tenant's income and ability to pay for the rental needs supplied. If the tenant's economic situation changes so that his income increases, the reason for subsidy in favor of the tenant lessens or probably disappears. The regulations promulgated by the Administrator were designed to enable the United States, under such circumstances, to be relieved from the low rentals and to enable it to take advantage of the increase in the tenant's income by requiring him to pay a rental comparable to that paid by others for like accommodations in the same area. This was no unfair discrimination in favor of the United States. Northwood Apts. v. Brown, Em.App., 137 F.2d 809.

■ We therefore hold that the Administrator was authorized by statute to promulgate and had promu'gated regulations covering the Greendale Housing Project in Milwaukee, and that the rent called for in

the new lease which the United States tendered the defendant was within these regulations. The defendant, having refused to sign a new lease which incorporated this approved new rental, was not entitled to remain in possession of the premises after June 30, 1943. The judgment for possession was fully justified.

■ The defendant contends that summary judgment was not authorized because an issue of fact was presented by the statement in his answer that the rent "being paid [by him] on March 1, 1942, was the rent being paid for like accommodations in this defense area * * *." This question was not open to inquiry by the District Court. Therefore, no issue of fact was presented. The Administrator determined what rent should be paid in this Defense Rental Area. The tenant may not challenge this determination in the District Court. See Bowles v. Willingham, 64 S. Ct. 641, and Yakus v. United States, 64 S. Ct. 660.

We find no error in the record and the judgment of the District Court is affirmed.

No. 8529, United States v. Roman Kaczmarek, was consolidated for argument and decision with the above cause. On the basis of No. 8528, United States v. Gordon Hansen, the judgment in No. 8529 is affirmed.